HAWLEY TROXELL ENNIS & HAWLEY LLP
John F. Kurtz, Jr.
877 Main Street, Suite 1000
P.O. Box 1617
Boise, Idaho 83701
Phone: 208-388-4831
Facsimile: 208-954-5242
Email: jkurtz@hawleytroxell.com
*Attorneys for BofA Merrill Lynch Asset Holdings, Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re KINGSTON, DAVID ORVILLE, <br><br> Debtor. | Case No. 11-40128 JDP <br><br> Chapter 11 |
| DAVID ORVILLE KINGSTON, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA CORPORATION a/k/a BANK OF AMERICA, N.A., a Delaware corporation, successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, LP, successor to Countrywide Home Loans, Inc.; BOFA MERRILL LYNCH ASSET HOLDINGS, INC., a Delaware corporation; VENTURES TRUST 2013 I-H-R, a Delaware trust; MCM CAPITAL PARTNERS, LLC, a Delaware limited liability company, as trustee for Ventures Trust 2013 I-H-R, a Delaware trust; MCM CAPITAL PARTNERS, LLC, a Maryland limited liability company, as trustee for Ventures Trust 2013 I-H-R, a Delaware trust; WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a Christiana Trust | Adversary Case No. 18-08043 JDP <br><br><br> **DEFENDANT BOFA MERRILL LYNCH ASSET HOLDINGS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT** |

Company of Delaware, not individually but as trustee for Ventures Trust 2013 I-H-R, a Delaware trust; FAY SERVICING, LLC, a Delaware limited liability company; SERVIS ONE, INC., a Delaware corporation d/b/a BSI Financial Services; BSI FINANCIAL SERVICES, INC., a Pennsylvania corporation; DOES 1-10, unknown business entities; and DOES 11-20, unknown individuals,

Defendants.

## DEFENDANT BOFA MERRILL LYNCH ASSET HOLDINGS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant BofA Merrill Lynch Asset Holdings, Inc. ("Merrill Lynch") answers the Second Amended Complaint ("Complaint") of Plaintiff David Orville Kingston ("Plaintiff" or "Kingston") as follows:

### JURISDICTION AND VENUE

1. The allegations contained in this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required.

2. The allegations contained in this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required.

3. The allegations contained in this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required.

### PARTIES

4. Merrill Lynch admits the allegations in this paragraph.

5. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

6. Merrill Lynch admits that it is Delaware corporation and was the holder of the Interest Only Adjustable Rate Note for the property located at 5250 S. Rainbow Boulevard, Unit 1034, Las Vegas, Nevada (the "Note") effective on or about January 25, 2013. Merrill Lynch denies the remaining allegations in this paragraph.

2

7. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

8. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

9. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

10. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

11. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

12. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

13. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

14. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

15. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

16. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

17. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

18. Merrill Lynch admits that it was the holder of the Note effective on or about January 25, 2013. To the extent the allegations in the first sentence of this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny

the allegations and therefore denies the same. Merrill Lynch denies that the loan servicers were Merrill Lynch's agents in connection with the Loan. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

19. The allegations contained in this paragraph do not constitute factual allegations and therefore no response is required.

## **FACTUAL ALLEGATIONS**

20. Merrill Lynch admits the allegations in this paragraph.

21. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

22. Merrill Lynch lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph and therefore denies the same. The allegations contained in the second sentence of this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required. To the extent a response is required, Merrill Lynch denies the allegations in this paragraph.

23. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

24. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

25. Merrill Lynch admits that the Stipulation Between David O. Kingston and Bank of America, NA for (1) Plan Treatment, (2) Use of Cash Collateral/Reimbursement of § 506(c) Expenses; and (3) Surrender of 1031 S. and 2051 S. Island Green Drive, Coeur D'Alene, Idaho ("Stipulation") was entered on August 12, 2011. Merrill Lynch further admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

26. Merrill Lynch admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

4

27. Merrill Lynch admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

28. Merrill Lynch admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

29. Merrill Lynch admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

30. Merrill Lynch admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

31. Merrill Lynch admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

32. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

33. Merrill Lynch admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

34. Merrill Lynch admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

35. Merrill Lynch admits that the Order Granting Motion for Approval of Agreement Relating to Providing Adequate Protection and Use of Cash Collateral Pursuant to Rule 4001(d) ("Approval Order") was entered on August 31, 2011. Merrill Lynch further admits the Approval Order speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

36. Merrill Lynch admits the Stipulation speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

37. Merrill Lynch denies the allegations in this paragraph.

38. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

39. Merrill Lynch lacks sufficient information to admit or deny the allegations in this

paragraph and therefore denies the same.

40. The allegations in this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required. To the extent a response is required, Merrill Lynch denies the allegations in this paragraph.

41. Merrill Lynch admits that the Order Confirming Chapter 11 Plan ("Confirmation Order") was entered on December 20, 2012. Merrill Lynch further admits the Confirmation Order speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

42. Merrill Lynch admits that the Confirmation Order was entered on December 20, 2012. Merrill Lynch lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

43. Merrill Lynch admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

44. Merrill Lynch admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

45. Merrill Lynch admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

46. Merrill Lynch admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

47. Merrill Lynch admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

48. Merrill Lynch admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

49. Merrill Lynch admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

50. Merrill Lynch admits the Confirmed Plan speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

51. Merrill Lynch admits the allegations in this paragraph.

52. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

53. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

54. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

55. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

56. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

57. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

58. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

59. Merrill Lynch admits that a Notice of Assignment, Sale, or Transfer of Ownership of Mortgage Loan dated February 5, 2013 ("February 2013 Notice") was sent to Kingston. Merrill Lynch admits that the February 2013 Notice speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

60. Merrill Lynch admits that the February 2013 Notice speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

61. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

62. Merrill Lynch denies the allegations in the first sentence of this paragraph. Merrill Lynch admits that the February 2013 Notice speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

63. Merrill Lynch admits that the February 2013 Notice speaks for itself, but denies

the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

64. Merrill Lynch admits that the February 2013 Notice speaks for itself, but denies the remaining allegations in this paragraph to the extent the Complaint contradicts those terms.

65. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

66. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

67. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

68. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

69. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

70. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

71. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

72. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

73. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

74. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

75. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

76. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

77. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

78. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

79. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

80. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

81. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

82. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

83. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

84. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

85. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

86. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

87. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

88. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

89. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

90. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

91. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

92. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

93. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

94. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

95. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

96. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

97. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

98. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

99. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

100. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

101. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

102. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

103. Merrill Lynch lacks sufficient information to admit or deny the allegations in this

paragraph and therefore denies the same.

104. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

105. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

106. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

107. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

108. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

109. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

110. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

111. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

112. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

113. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

114. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

115. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

116. Merrill Lynch denies the allegations in this paragraph.

117. Merrill Lynch denies the allegations in this paragraph.

118. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

119. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

120. Merrill Lynch denies that it made any credit bureau reporting regarding this Loan. Merrill Lynch lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

121. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

122. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

123. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

124. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

125. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

126. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

127. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

128. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

129. Merrill Lynch lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph and therefore denies the same. Merrill Lynch denies the allegations in the second sentence of this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

130. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

131. Merrill Lynch states that Plaintiff's Amended Motion for Contempt for Continuing Plan Violations and Ongoing and Willful Violations of the Automatic Stay (Dkt. No. 656) ("Motion for Contempt") speaks for itself. Merrill Lynch further states that Plaintiff improperly attempts to incorporate the Motion for Contempt into the Complaint. To the extent further response is required, the remaining allegations in this paragraph are denied.

132. Merrill Lynch denies the allegations set forth in this paragraph.

133. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

134. Merrill Lynch lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

## COUNT ONE
### (BEACH OF CONTRACT)

135. Merrill Lynch re-alleges and incorporates by reference all prior responses as though fully set forth herein.

13

136. The allegations contained in this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required. To the extent a response is required, Merrill Lynch denies the allegations.

137. Merrill Lynch lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph and therefore denies the same. The remaining allegations contained in this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required. To the extent a response is required, Merrill Lynch denies the allegations.

138. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

139. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

140. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

141. Merrill Lynch denies the allegations in this paragraph as to Merrill Lynch. To the extent the allegations in this paragraph are directed at the remaining defendants, Merrill Lynch lacks sufficient information to admit or deny the allegations and therefore denies the same.

142. The allegations contained in this paragraph do not constitute factual allegations, but instead constitute legal conclusions to which no response is required. To the extent a response is required, Merrill Lynch denies the allegations.

## **PRAYER FOR RELIEF**

Merrill Lynch denies that Plaintiff is entitled to any of the relief specified in his Prayer for Relief against Merrill Lynch.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

Plaintiff's Complaint, and each and every purported claim therein asserted against Merrill Lynch, fails to state facts sufficient to constitute a cause of action.

### Second Affirmative Defense

Part, if not all, of Plaintiffs' Claim for Breach of Contract is barred by the statute of limitations.

### Third Affirmative Defense

Part, if not all, of Plaintiff's alleged damages asserted against Merrill Lynch were incurred as a result of Plaintiff's own breaches, acts, omissions, and negligence, and thus, recovery by Plaintiff is barred or reduced accordingly.

### Fourth Affirmative Defense

The Complaint, and each and every purported cause of action asserted against Merrill Lynch therein, is barred by the doctrine of laches.

### Fifth Affirmative Defense

The Complaint, and each and every purported cause of action asserted against Merrill Lynch therein, is barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

Merrill Lynch , to the extent it acted at all, acted reasonably, lawfully, and in good faith at all times material herein based on all relevant facts and circumstances known to it.

### Seventh Affirmative Defense

The Complaint, and each cause of action asserted against Merrill Lynch therein, is vague, uncertain, and ambiguous.

### Eighth Affirmative Defense

Part, if not all, of Plaintiff's alleged damages were the result of intervening or superseding events, acts, or omissions of other parties, or industry market conditions, over which Merrill Lynch  had no control, and for which it cannot be held liable to Plaintiffs.

### Ninth Affirmative Defense

The damages for which Plaintiff claims Merrill Lynch is responsible, to the extent they exist, were caused or contributed to by persons or entities for whom Merrill Lynch is not responsible and for whom Merrill Lynch is not liable.

### Tenth Affirmative Defense

The Complaint, and each and every purported claim asserted against Merrill Lynch therein, is barred in whole or in part to the extent that Merrill Lynch's alleged actions, if done at all, were justified.

### Eleventh Affirmative Defense

Plaintiff failed to take reasonable steps to mitigate his damages, if any, and any recovery by Plaintiff should be barred or reduced accordingly.

### Twelfth Affirmative Defense

To the extent Plaintiff seeks punitive damages, Merrill Lynch is immunized from punitive damages under the Housing and Economic Recovery Act of 2008 ("HERA"), 12 U.S.C.A. § 4617(j)(4) (2018) (the "Penalty Bar").

### Thirteenth Affirmative Defense

Merrill Lynch presently has insufficient knowledge or information upon which to form a belief as to whether it has or may have additional, yet unstated, affirmative or other defenses. Merrill Lynch reserves the right to assert additional affirmative or other defenses in the event that its investigation or discovery indicates that additional affirmative or other defenses are appropriate.

### Consent to Bankruptcy Court Jurisdiction

Merrill Lynch consents to entry of final orders and judgment by the bankruptcy court.

WHEREFORE, Merrill Lynch hereby prays for judgment in its favor as follows:

1. That Plaintiff take nothing by way of this action;
2. That Plaintiff be denied each and every demand and prayer for relief in this action;

16

3. That Plaintiff's action be dismissed in its entirety with prejudice;

4. For costs of suit herein, including reasonable attorneys' fees pursuant to applicable law; and

5. For such other and further relief as the Court may deem just and proper.


Dated May 8, 2020

/s/ John F. Kurtz, Jr.
HAWLEY TROXELL ENNIS & HAWLEY LLP
John F. Kurtz, Jr.
877 Main Street, Suite 1000
P.O. Box 1617
Boise, Idaho 83701
Phone: 208-388-4831
Facsimile: 208-954-5242
Email: jkurtz@hawleytroxell.com
*Attorneys for BofA Merrill Lynch Asset Holdings, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2020, I filed a copy of the foregoing pleading with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

**Stephen K. Madsen** on behalf of **Plaintiff**

smadsen@maynestaggart.com

**Robert J Maynes** on behalf of **Plaintiff**

mayneslaw@hotmail.com

**Lesley Bohleber** on behalf of **Seterus, Inc, a Delaware corporation**

ecfidb@aldridgepite.com

**Heidi Buck Morrison** on behalf of **Bungalow Series F Trust, a Delware statutory trust, U.S. Bank Trust, National Association, a subsidiary of U.S. Bancorp aka U.S. Bank, N.A. a Delaware corporation, as trustee for Bungalow Series F Trust**
hbm@racinelaw.net

Dated May 8, 2020

HAWLEY TROXELL ENNIS & HAWLEY LLP

/s/ John F. Kurtz, Jr.
John F. Kurtz, Jr.